# STATE OF VERMONT

SUPERIOR COURT CIVIL DIVISION

CHITTENDEN COUNTY DOCKET NO. 127-2-18 Cncv

ANDREW HOLLINS
PLAINTIFF
V.
SOUTH BURLINGTON POLICE DEPT
OFFICER, SEAN POPE
OFFICER, MICHAEL DEFIORE
DEFENDANT(S)

VERMONT SUPERIOR COURT
FILED
FEB - 5 2018
Chittenden U

RECEIVED
BURLINGTON, VT
SEP 24 2018
2:18-cv-151
CLERK'S OFFICE
U.S. DISTRICT COURT

## ACTION

NOW COMES, THE PLAINTIFF ANDREW HOLLINS PRO-SE AND HEREBY FILES THIS 42 U.S.C SECTION 1983 ACTION AGAINST DEFENDANT THE SOUTH BURLINGTON POLICE DEPARTMENT OF THE STATE OF VERMONT, POLICE OFFICERS SEAN POPE AND MICHAEL DEFIORE FOR VIOLATIONS OF THE PLAINTIFF CIVIL RIGHTS UNDER ARTICLE ELEVEN OF THE VERMONT STATE CONSTITUTION AND THE PLAINTIFFS FOURTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION FOR UNREASONABLE AND ILLEGAL SEARCH AND SEIZURES. AN FOR THE UNLAWFUL IMPRISONMENT WHICH HAS VIOLATED THE PLAINTIFF EIGHT AMENDMENT RIGHT AGAINST CRULE AND UNUSUAL PUNISHMENT.

(CONTINUED)

OFFICERS POPE AND DEFIORE WERE ACTING UNDER THE COLOR OF STATE LAW WHEN THEY VIOLATED THE PLAINTIFFS CIVIL AND CONSTITUTIONAL RIGHTS. THIS 42 U.S.C 1983 ACTION IS BEING FILED AGAINST THE DEFENDANTS IN THEIR OFFICAL CAPACITY AND IN THEIR INDIVIDUAL CAPACITY. THE PLAINTIFF SEEKS FOR INJUNCTIVE RELIEF IN THE DEFENDANTS OFFICAL CAPACITY AND PUNITIVE AND COMPENSATORY DAMAGES IN THEIR INDIVIDUAL CAPACITY FOR THE [illegible] OF THE PLAINTIFF CONSTITUTIONAL PROTECTIVE RIGHTS [illegible] UNITED STATES AND THE VERMONT STATE CONSTITUTION. THE PLAINTIFF ALSO BRINGS THIS 42 U.S.C 1983 CLAIM AGAINST THE SOUTH BURLINGTON POLICE DEPARTMENT FOR FAILURE TO PROPERLY TRAIN DEFENDANT POPE AND DEFENDANT DEFIORE.

JURISDICTION

THIS COURT HAS JURISDICTION OF THE PLAINTIFFS CLAIMS AGAINST THE DEFENDANT PURSUANT TO RULE (2) OF THE VERMONT RULES OF CIVIL PROCEDURE. SEE: MAINE V. THIBOUTOT, 488 U.S. 1, 3, N.1, 100 S.CT 2502, 65 L. ED. 2d 555 ([illegible]).

# CAUSE OF ACTION

(1) ON DECEMBER 16, 2017. THE PLAINTIFF WAS SITTING IN A CAR ON LOGWOOD ST AND FOREST ST IN THE CITY OF SOUTH BURLINGTON, VERMONT PARKED.

(2) THE PLAINTIFF LEFT THE LOGWOOD AREA AND [illegible] THE WILLISTON ROAD HEADING FOR THE JIFFY MART GAS STATION TO GET GAS, WHEN OUT OF NOWHERE CAME A [illegible]

(3) DEFENDANT OFFICER SEAN POPE CAME UP TO VEHICLE AND ASKED THE DRIVER OF THE VEHICLE ALMEDINA DJUZO FOR HER LICENSE AND REGISTRATION.

(4) AT NO POINT DID DEFENDANT POPE EXPLAIN THE REASON AS TO WHY HE HAD PULLED THE CAR OVER.

(5) THE PLAINTIFF NOR THE DRIVER HAD AT NO POINT PRESENTED ANY ELEMENT OF ANY CRIMINAL ACTIVITY OR WRONG DOING BEFORE OR AFTER THE PULL OVER BY DEFENDANT POPE.

(6) There was no justification or reasonable facts for Defendant Pope to pull the car over, therefore anything found in the car after Defendant Pope violated the Plaintiff protected rights was wrong, illegal and unconstitutional.

(7) The law clearly states where an officer has reasonable suspicion of criminal activity, the officer may briefly detain the individual to investigate [illegible] [illegible] search and seizure must be strictly tied to and justified by the circumstances which rendered its initiation permissible.

(8) Defendant has never presented to the Plaintiff any fact of reasonable suspicion or criminal activity nor wrong doing to justify a stop. When the law clearly states that a reasonable search and seizure must be based on specific and articulable facts and not on an officers inchoate and unparticularized suspicion or hunch.

(9) When Defendant Pope Pulled the Plaintiff over without Proper Justification for the Stop. Defendant Pope Violated the Plaintiffs Constitutional Protected Rights Set Forth in the Vermont State Constitution And the United States Constitution.

(10) After the Unreasonable Search And Seizure Conducted By Defendant Pope, Defendant Pope Arrested the Plaintiff And Put [illegible] in Prison, [illegible] At no time was the Plaintiff in Possession of Any Illegal Items.

(11) Now Prior to the traffic stop Conducted By Defendant Pope. Defendant Defiore Passed the Plaintiff And the Driver of the vehicle [illegible] on [illegible] Street in South Burlington Vermont.

(12) Again, At no time did Defendant Defiore See the Plaintiff or Driver Act in Any Criminal Manner or See them Commit Any wrong doing to Justify A Stop.

(13) Yet Defendant Defiore Radioed in to Defendant Pepe requesting that he keep a eye out for vehicle that was occupied by Plaintiff. Defendant Defiore Radioed in this transmission without any reasonable suspicion or grounds which violated Plaintiff Rights.

(14) In other words Defendant Defiore wanted Defendant Pepe to conduct a unreasonable traffic stop on plaintiff vehicle without any justification or cause which also violated Plaintiff's Constitutional Protected Rights.

(15) The Plaintiff was then pulled over at the Jiffymart Gas Station on Williston Road in South Burlington Vermont by Defendant Pepe.

(16) Officer Pepe pulled the car over then radioed officer Defiore who came to the area right away.

(17) Officer Pepe then approached the vehicle asked the driver Almedina Djizo for her license and registration which she complied, then he asked plaintiff

(CONTINUED)

17) FOR HIS IDENTIFICATION WHICH HE COMPLIED; THEN IMMEDIATELY AFTERWARDS DEFENDANT POPE ASKED THE DRIVER TO EXIT THE VEHICLE TO SPEAK TO HIM PRIVATELY. DEFENDANT POPE THEN BEGIN ASKING THE DRIVER ABOUT PLAINTIFF.

18) DEFENDANT POPE ASKED DRIVER ALFRONIA DJUZU " WHO IS THIS GUY TO YOU "?" HOW LONG HAVE YOU KNOWN HIM "?" DID YOU AND HIM COME TO VERMONT TOGETHER "? THEN DEFENDANT POPE ALLOWED HER TO GO BACK IN CAR.

19) THEN DEFENDANT POPE ASKED PLAINTIFF TO EXIT THE VEHICLE. DEFENDANT POPE THEN SEARCHED PLAINTIFF IN FOUND NO ILLEGAL ITEMS ON PLAINTIFF BUT BEGIN ASKING PLAINTIFF A SERIES OF QUESTIONS NONE WHICH PERTAIN TO WHY THE PLAINTIFF VEHICLE IN WHICH HE OCCUPIED WAS BEING PULLED OVER.

20) WHEN A 3RD OFFICER ARRIVED AT THE SCENE A REQUEST TO SEARCH THE CAR WAS MADE AND THE OFFICER PULLED OUT A CONSENT FORM TO SEARCH THE VEHICLE. THE PLAINTIFF DID NOT HAVE ANY KNOWLEDGE OF ANY ILLEGAL

(Continued)

(20) Items in the vehicle and was not in possession of any illegal items so the plaintiff consented to the search.

(21) In result, there was illegal items found. These items were found under the driver Almedina Ojuzo seat, the driver who was the sole operator and who had legal possession of the vehicle.

(22) Almedina Ojuzo was at no time arrested or charged for the offense's, even though by state law she was the individual in possession of the vehicle and in turn the illegal items found within.

(23) When officer Defiore didn't have reasonable cause to request officer Pope to conduct the traffic stop and when officer Pope himself lacked reasonable cause before conducting the traffic stop. The traffic stop was done in a manner that can only be explained as unlawful.

(24) When the vehicle was searched with no showing of wrong doing or criminal

(CONTINUED)

(24) ACTIVITY FROM EITHER THE PLAINTIFF OR THE DRIVER. THE OFFICERS, DEFENDANTS POPE AND DEFIORE VIOLATED THE PLAINTIFF AND THE DRIVERS CONSTITUTIONAL PROTECTED RIGHTS SET FOURTH IN THE 11th AMENDMENT OF THE VERMONT STATE CONSTITUTION AGAINST UNREASONABLE SEARCH AND SEIZURE. THE DEFENDANTS ALSO VIOLATED THE PLAINTIFFS CONSTITUTIONAL PROTECTED RIGHTS SET FOURTH IN THE 4th AMENDMENT OF THE UNITED STATES CONSTITUTION AGAINST UNREASONABLE SEARCH AND SEIZURE.

(25) AFTER THE DEFENDANTS VIOLATED THE PLAINTIFFS CIVIL RIGHTS IN REGARDS TO THE UNREASONABLE SEARCH AND SEIZURE THE DEFENDANTS PUT THE PLAINTIFF IN PRISON, THIS CAN ONLY BE SEEN AS AN "ILLEGAL IMPRISONMENT". WHEN THE DEFENDANT TOOK THE PLAINTIFFS LIBERTY OF FREEDOM IN AN ILLEGAL WAY, THEY VIOLATED THE PLAINTIFFS RIGHTS AGAINST "CRUEL AND UNUSUAL PUNISHMENT" THAT ARE SET FOURTH IN THE UNITED STATES CONSTITUTION 8th AMENDMENT.

(26) THE PLAINTIFF BRINGS HIS CLAIM AGAINST THE SOUTH BURLINGTON POLICE DEPARTMENT

(CONTINUED)

(26) FOR the FAILURE to PROPERLY TRAIN DEFENDANTS PAPE AND DEFIORE.

(27) THE PLAINTIFF ASSERTS that the COLOR OF HIS SKIN IS WHAT PUT the WHOLE TRAIN OF EVENTS INTO EFFECT AND that the PLAINTIFF ANDREW HOLLINS WAS TARGETED BY the DEFENDANTS PAPE AND DEFIORE ON THOSE GROUNDS.

RELIEF SOUGHT BY the PLAINTIFF FROM DEFENDANTS INJOINED INJUNCTIVE RELIEF

(1) THE PLAINTIFF ASKS the COURT to MANDATE that IF IN the FUTURE IF the PLAINTIFF AND DEFENDANTS PAPE OR DEFIORE ARE INVOLVED IN ANY TYPE OF INTERACTION that the DEFENDANTS REMOVE THEMSELVES FROM the INCIDENT AND CALL FOR A THIRD PARTY to ADDRESS the CONCERNS.

FURTHER RELIEF SOUGHT COMPENSATORY AND PUNITIVE DAMAGES

(1) FOR THE DEFENDANTS VIOLATIONS OF the PLAINTIFFS 4th, 14th, AND 8th AMENDMENT RIGHTS the PLAINTIFF SEEKS $250,000 DOLLARS. FOR THE DEFENDANTS KNOWINGLY

(CONTINUED)

(1) CONDUCTED AN ILLEGAL TRAFFIC STOP AND MADE AN UNREASONABLE SEARCH AND SEIZURE, WHERE THE GUIDELINES ARE WELL ESTABLISHED WITHIN THE LAW AND IN THE DEFENDANTS POLICY AND PROCEDURES BUT WERE DISREGARDED AND THE PLAINTIFF WAS TARGETED FOR THE COLOR OF HIS SKIN.

THEREFORE, THE PLAINTIFF PRAYS THAT THIS HONORABLE COURT TAKE JURISDICTION OF THIS MATTER IN THE FURTHERANCE OF JUSTICE AND GRANT ANY OTHER RELIEF THAT THE COURT FEELS THE PLAINTIFF IS ENTITLED TOO.

RESPECTFULLY SUBMITTED BY
x ANDREW HOLLINS
NORTHWEST STATE CORR FAC
3649 LOWER NEWTON ROAD
SWANTON, VT 05488

DATE: 2/1/18

x Andrew Hollins [signature]